IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAVEN BROWN PLAINTIFF

v. Civil No. 1:26-cv-01035

WARD CREEK PROPERTIES and
KYLE GRIFFIN DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil action filed by Raven Brown. Plaintiff claims this Court has federal question jurisdiction over this case. ECF No. 1. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). This case is before the Court for preservice screening. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen a complaint filed *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable John Thomas Shepherd, United States District Judge, referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court recommends Plaintiff's case fails to state a claim on which relief may be granted and must be **DISMISSED.**

Plaintiff filed this action *pro se* on June 15, 2026. ECF No. 1. On June 18, 2026, the Court granted Plaintiff's IFP Application but ruled the matter of service would be determined at a later date. ECF No. 6. Because it was unclear to the Court what causes of action were being asserted by Plaintiff in the Complaint, the Court ordered Plaintiff to complete an Addendum to the Complaint which required Plaintiff to provide the basis for federal court jurisdiction, to explain in detail the basis of the alleged cause of action against each Defendant, and to provide how each Defendant was to be served with the Complaint. ECF No. 7.

The Plaintiff was ordered to complete this Addendum no later July 27, 2026. *Id.* Plaintiff was also advised that should she fail to return the completed and executed Addendum by July 27, 2026, the Complaint may be dismissed without prejudice for failure to prosecute and/or for failure to obey an order of the Court. *Id*. Plaintiff has not filed the Addendum by July 27, 2026. ECF No. 7.

Based on Plaintiff's failure to file the Addendum, the Court would recommend this case be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to follow an order of this Court and failure to prosecute this action. *See* FED. R. CIV. P. 41(b). *See also Link v. Wabash* R.R. Co., 370 U.S. 626 (1962) (recognizing that consistent with Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the "inherent power" to dismiss a case *sua sponte* without affording notice or providing a hearing).

Accordingly, based on the foregoing, the Court recommends the instant Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to follow an order of this Court and failure to prosecute this action. See FED. R. CIV. P. 41(b).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 10th day of August 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE